¶ 35I concur in Judge Hoffman's disposition of I. and V.
 II. {¶ 36} In Szekeres v. State Farm Fire Casualty Co.,2002-Ohio-5989, Licking 5th App. No. 02CA0004, we found the commercial general liability policy was not a motor vehicle liability policy pursuant to Selander v. Erie Ins. Group, 85 Ohio St.3d 541,1999-Ohio-287. As such UIM coverage did not arise by operation of law.
 {¶ 37} Together with Judge Farmer, I sustain the second assignment of error.
 III, IV {¶ 38} In its third and fourth assignments of error, Midwestern maintains the trial court erred in finding the notice and subrogation provisions in both the commercial auto and commercial general liability policies did not carry over to UM/UIM coverage.
 {¶ 39} Because I find the commercial general liability policy is not an automobile policy, I find there was no UM/UIM coverage.
 {¶ 40} In Ferrando v. Auto Owners Mutual Insurance Co.98 Ohio St.3d 186, 2002-Ohio-7217, the Ohio Supreme Court held:
 {¶ 41} "When an insurer's denial of underinsured motorist coverage is premised on the insured's breach of a prompt-notice provision in a policy of insurance, the insurer is relieved of the obligation to provide coverage if it is prejudiced by the insured's unreasonable delay in giving notice. An insured's unreasonable delay in giving notice is presumed prejudicial to the insurer absent evidence to the contrary." Syllabus by the court, paragraph 1.
 {¶ 42} I believe subrogation and notice provisions are enforceable regardless of whether coverage arises by law or by policy language.
 {¶ 43} Because the trial court decided the within prior to the announcement of Ferrando, it did not have the benefit of the Supreme Court's guidance.
 {¶ 44} I would remand the issue of the enforcibility of the notice and subrogation clauses in the commercial auto policy to the trial court for review in light of the Ferrando decision.
 {¶ 45} I would dismiss the third and fourth assignments of error as premature.
 {¶ 46} The judgment of the Tuscarawas County Court of Common Pleas is affirmed in part and reversed in part.
JUDGE W. SCOTT GWIN